CLÍNICA DR. PEREA, Plaintiff and Appellee, *v.* LEONARDO AVILÉS GONZÁLEZ, JUAN HERNÁNDEZ BATALLA ET AL., Defendants and the second Appellant.

No. 12739. Decided June 22, 1962.

*A. Ramírez Silva* for appellant. *J. Alemañy Sosa* for codefendant and appellee. *Leonardo Avilés González* and *Carlos García Méndez* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Rigau.

PER CURIAM.

As a result of an accident caused by an automobile operated by the son of Juan Hernández Batalla, Leonardo Avilés González suffered severe injuries. He was immediately removed to the municipal hospital of Mayagüez, but before receiving proper treatment he was removed to Clínica Dr. Perea by order of Hernández Batalla who promised Dr. Nelson Perea to pay the hospital expenses and medical fees for the assistance rendered to the injured party, in that clinic.[1] These expenses amounted to $739 and their amount is not in dispute.

Avilés González sued Juan Hernández Batalla and the insurer of the automobile, Commercial Insurance Company, to recover damages. The case having been heard on the merits, the superior court rendered judgment, among other pronouncements, ordering "the defendant Juan Hernández Batalla to pay to plaintiff Leonardo Avilés González, for the community partnership composed by the latter and his wife, the sum of $12,000 in full payment and satisfaction of the claim object of this action, and also to pay the sum of $739 to Clínica Perea of Mayagüez for hospital expenses and medical assistance rendered to the plaintiff."

On motion of Hernández Batalla, the defendant therein, the court reconsidered its previous judgment eliminating therefrom the item of $739 for hospital expenses and medical assistance of the plaintiff.

Subsequently, Clínica Dr. Perea sued Juan Avilés González, Juan Hernández Batalla, and Commercial Insurance

---

[1] The oral evidence was conflicting as to whether or not Hernández Batalla bound himself to pay the hospital expenses and medical services rendered to the injured party, but the trial court very ably resolved the conflict in favor of the plaintiff.

Company for recovery of the said sum of $739. The trial court rendered judgment ordering Hernández Batalla to pay to the plaintiff the said sum.

On appeal, the defendant alleges (1) that the trial court erred in not holding that the obligation of Hernández Batalla towards Avilés González arising from the accident was extinguished and liquidated by virtue of the judgment rendered in the action brought by the latter against the former, and that the judgment rendered in this case is erroneous insofar as it exonerates Avilés González from liability; (2) that the trial court also erred in not holding that since Avilés González received the benefits of the services rendered, he was the party bound to pay for them; and (3) that in any event it was error not to hold that the insurance company was the party bound to pay the sum claimed by the Clínica.

None of these three errors was committed. In the action for damages brought by Avilés González against Hernández Batalla and Commercial Insurance Company the value of the hospital services and medical assistance was not claimed. This item was not litigated either. The plaintiff's theory in that action was that he did not owe anything to the Clínica because Hernández Batalla bound himself to pay to Dr. Perea for such services. The Clínica took the same position when the attorney for the plaintiff sought to procure a certificate on the amount of such services in order to include them in the complaint. The pronouncement in the judgment rendered in the action for damages ordering Hernández Batalla to pay the amount owed to the Clínica was due to an error which was afterwards corrected by the trial judge, eliminating the same on motion of Hernández Batalla himself. At the hearing of the motion for reconsideration of the judgment the judge explains the error as follows:

"The Court: The fact is that the situation in this case... When the motion was filed I asked the stenographer to review the evidence submitted and in the transcript of the record... there is no evidence in the transcript of the record on the expenses of the Clínica. I was very much concerned with the question: that what I had written down in dollars and cents, an amount for expenses of the clinic, where had I taken it from. The record does not say anything and, from a review of the documentary evidence, there are certain records of the Clínica of Drs. Perea offered in evidence by the plaintiff, among which there is a bill showing the amount and expenses of Clínica Perea. The truth is that apparently it has not been submitted in evidence and I stated that amount incorrectly. That is the situation. Those were the facts."

■ Hernández Batalla bound himself to pay the expenses claimed by the Clínica. Avilés González did not claim them from him because he did not owe anything to the Clínica. He only claimed and litigated the damages sustained by him, which did not include the hospital expenses and medical assistance. And since the agreement for the payment of those expenses was made between Hernández Batalla and the Clínica, Avilés González could not litigate the question in the action for damages. Therefore, the doctrine of collateral estoppel by judgment invoked by the appellant on the basis of the cases of *Manrique* v. *Aguayo et al.*, 37 P.R.R. 314, and *Heirs of Rivera* v. *Lugo*, 63 P.R.R. 13, is not applicable to the facts of this case.

■ On the other hand, Commercial Insurance Company paid, in satisfaction of the judgment rendered in the action for damages, the policy limit plus $1,000 for attorney's fees. It was not error, therefore, not to order it to pay another sum in excess of the obligation contracted in the insurance contract. Coverage "C," entitled in English "Medical Payments," covers only those persons who might have been in-

jured while they were inside the vehicle, or entering or alighting therefrom at the time of sustaining the damage. The plaintiff was run over by the vehicle while he was inside a commercial establishment.

The judgment rendered by the trial court is correct and will be affirmed. The present appeal being frivolous, it is ordered that appellant Hernández Batalla pay to the plaintiff-appellee the sum of $250 for attorney's fees.